**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LESLIE HEDGES, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| EARTH INC., a Massachusetts corporation, | ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Leslie Hedges ("Plaintiff" or "Hedges"), individually and on behalf of all others similarly situated, by and through her counsel, brings this Class Action Complaint against Defendant Earth Inc. ("Defendant" or "Earth"). Plaintiff, on behalf of herself and all others similarly situated, complains and alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## I. NATURE OF THE ACTION

1. This is a consumer protection class action based on the false advertising of Defendant's Earth Exer-Walk shoe (the "Shoe" or "Product"). Defendant claims the Product provides significant health benefits for all customers who wear it. These claimed health benefits are the only reason a consumer would purchase the Shoe. Defendant's advertising claims, however, are false, misleading, and reasonably likely to deceive the public.

2. Through an extensive, integrated, and widespread nationwide marketing campaign, Defendant promises that the Product will improve posture, strengthen core muscles,

reduce joint stress, and increase calories burned. Defendant asserts that the design of the shoe will provide these significant health benefits by improving a customer's walking motion and mimicking walking barefoot in the sand.

3.      For example, the Product website claims the Shoes are inspired by yoga and designed by nature. Specifically, the website boasts that the Shoes "mimic[] walking barefoot in sand by naturally positioning body over frame" and that the resulting "better walking motion helps improve posture and reduce joint stress." Defendant also claims the product will "improve posture," "strengthen core muscles," and "reduce joint stress." Defendant further claims that the product is "calorie burning" and will "help[] burn more 4x more fat than an ordinary sneaker." As a result, the health benefit message on the packaging, advertising, and labeling of the Product will be collectively referred to as Defendant's "health benefit representations."

4.      According to scientific tests, however, wearing the Shoes provides no additional health benefits and does not increase the number of calories burned when compared to normal shoes.

5.      Defendant's advertising and marketing campaign is designed to induce consumers to purchase the Product because of their reliance upon the accuracy of the deceptive health benefits message. In the end, however, as a result of the misleading messages conveyed by its marketing campaign, Defendant has caused consumers to purchase an item that does not perform as advertised.

6.      Plaintiff brings this action on behalf of herself and other similarly situated consumers who have purchased the Product to halt the dissemination of these false, misleading and deceptive advertising messages, correct the false and misleading perception Defendant has created in the minds of consumers, and obtain redress for those who have purchased the Product.

Plaintiff alleges that Defendant's conduct breaches express warranties, constitutes unjust enrichment, and violates the Illinois Consumer Fraud and Deceptive Business Practices Act and Consumer Fraud Laws similar to that of Illinois under the facts particular to this case.

## II.  JURISDICTION AND VENUE

7.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and the members of the Class are citizens of States different from Defendants.

8.      This Court has personal jurisdiction over Defendant because Defendant conducts business in Illinois. Defendant has marketed, promoted, distributed, and sold the Product in Illinois, and Defendant has sufficient minimum contacts with this State and/or sufficiently avails itself of the markets in this State through its promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while he resided in this judicial district. Venue is also proper under 18 U.S.C. § 1965(a) because Defendant transacts substantial business in this District.

## III.  PARTIES

*Plaintiff*

10.     Plaintiff is a citizen of the State of Illinois. At all relevant times, she resided in Chicago, Illinois. In or around March, 2014, Plaintiff saw Defendant's representations by reading the Product's description on PlanetShoes.com. In reliance on the health benefit representations,

Plaintiff purchased a pair of Earth Exer-Walks for approximately $39.00. By purchasing the falsely advertised Product, Plaintiff suffered injury-in-fact and lost money.

11.     The Shoe does not provide the promised benefits. Had Plaintiff known the truth about Defendant's misrepresentations and omissions at the time of her purchase, Plaintiff would not have purchased the Product.

*Defendants*

12.     Defendant Earth, Inc. is a Massachusetts corporation. Its principal place of business is located in Waltham, Massachusetts. Defendant distributes, markets, and/or sells various shoes and sandals, including the Product, to consumers in Illinois and throughout the United States.

## IV.   FACTUAL ALLEGATIONS

*The Toning Shoe Product*

13.     Defendant sells the Shoe directly to consumers through its website. A variety of third-party retailers, including PlanetShoes.com and Amazon.com, also sell the Shoe on a nationwide basis.

14.     The Product is available for approximately $40.00 online but has been advertised at almost $70. The following is a screen shot of the Product:



15.     Since the Shoe's launch, Defendant has consistently conveyed the message to consumers throughout the United States, including Illinois, that the Shoe will improve the posture, strengthen the core muscles, reduce joint stress, and increase caloric burn of customers simply by wearing the Product.

16.     On third-party websites, Earth includes the following description:

> Turbo-charge your walk in the Earth Exer-Walk, the newest *calorie-burning* addition to the Earth Exer-Fit Collection that has the entire footwear industry abuzz! Ideal for casual or daily walking, *this Earth shoe helps burn more 4x more fat than an ordinary sneaker*. The airy mesh upper of this women's shoe enhances breathability, while the combination of anatomic arch support, BioFoam™ cushioning, and an ultra-lightweight, deep-grooved sole, absorbs and displaces shock to *make burning extra calories a breeze*! Get out there and start burning more calories in the Earth Exer-Walk!

*Earth Exer-Walk*, Planet Shoes, http://www.planetshoes.com/item/earth-exer-walk/7337/a2d (last visited July 29, 2014) (emphasis added). The same product description is included on

various other websites selling the Product, including Amazon.com, one of the world's largest retailers.[1]

17.     As more fully set forth below, the scientific evidence indicates no health benefits resulting simply from wearing the Shoe. Furthermore, the Shoes can actually increase the probability for injury in some wearers. Defendant's health benefit representations, therefore, are false, misleading and deceptive.

18.     Defendant's website indicates that the health benefits are a result of a "gentle sole incline" design which sets heels slightly lower than toes (the "Negative Heel") and naturally positions the body over the frame. This Negative Heel position "mimics walking barefoot in the sand," allegedly leading to increased calorie burn.

---

[1] *See Earth Women's Exer-Walk Sneaker*, Amazon.com, http://www.amazon.com/Kalso-Earth-Shoes-Exer-Walk-Sneaker/dp/B00349UUPE (last visited July 29, 2014).

19.     Defendant's false and deceptive representations are set forth in the following representative ad, included on Earth's website and third-party retailer websites:



20.     Another similar advertisement touts the lowered-heel design:



21.     Other ads tout the Negative Heel design: "slight sole incline of 3.7 degrees that gently re-positions the body's weight to help naturally tone, firm, and strengthen – reducing joint stress, improving posture, and maximizing calorie burn."[2]



22.     The Shoe's design is similar to the designs of the Skechers Shape-Ups and MBT: Masai Barefoot Technology shoes,[3] which utilized a negative heel design along with a rounded bottom to create instability that those companies claimed improved health and toned muscles. However, the Earth Shoes provide even less of a basis to claim potential health benefits than the Skechers and Masai shoes, as Earth only uses a Negative Heel in its design.

23.     Even though numerous studies have found that such a Negative Heel design does not improve posture, strengthen core muscles, reduce joint stress, or burn additional calories, Defendant continues to make representations on its publicly-available website and on the packaging and labeling for the Product which repeat and reinforce their fraudulent health claims.

---

[2] FootSmart, http://www.publish-it-online.com/publication/index.php?i=49292&m=&l=&p=24&pre=&ver=swf (last accessed July 23, 2014).
[3] "[Earth brand shoes] utilize similar technologies [to MBT and Skecher's toning shoes]." Amy Rauworth, Fitness Shoes, Take a Rock on the Wild Side, NCHPAD, http://www.nchpad.org/866/4956/Fitness~Shoes~~Take~a~Rock~on~the~Wild~Side (last visited July 23, 2014).

*Scientific Studies Confirm That the Product is Not Effective And Defendant's Health Benefits Message is False and Deceptive*

24.     Contrary to Defendant's representations, however, independent studies published at least as early as 2004 have found that Earth's shoe design, is ***not*** effective in providing the represented health benefits.

25.     Studies, reports, and news stories have conclusively determined "[t]here is as yet no solid independent evidence that proves it is possible to strengthen specific musculature by wearing a particular type of shoe." *Masai Barefoot Technology – Does it really work?*, The Sports Injury Doctor, http://www.sportsinjurybulletin.com/archive/masai-barefoot-technology (last accessed July 23, 2014).

26.     One blogger described the negative heel shoe as a "latest foray of quick fix fitness gimmicks . . . any change in your footwear or posture will elicit a[n initial feeling of increased muscle activity] until your body adapts and realigns itself." Dan Daly, *(Updated) Sketchers Shape Up Shoes and Other Negative Heal Footwear*, TrainDaly (May 15, 2010, 10:23 AM), http://www.traindaly.com/blog/sketchers-shape-up-shoes-and-other-negative-heal-footwear/. As such, any perceived positive impact of the Shoe on a consumer's health is actually just a misconception.

27.     A study funded by the American Council on Exercise by the Departments of Physical Therapy and Exercise and Sports Science of the University of Wisconsin-La Crosse compared exercise response rates and muscle activation rates from walking in three popular varieties of toning shoe (substantially similar to Defendant's Product), against walking in regular athletic shoes. John Porcari et al., *Will Toning Shoes Really Give You a Better Body?* http://www.acefitness.org/certifiednewsarticle/720/will-toning-shoes-really-give-you-a-betterbody/ (last accessed July 23, 2014). As Dr. Porcari states, "[d]on't buy these shoes because

of the claims that you're going to tone your butt more or burn more calories. That's absolutely

wrong." *Id*. Dr. Procari reiterated that the shoes are ineffective:

> They feel different, and that's why when people first wear them
> they're probably going to be sore because you're using different
> muscles. But if you wear any sort of abnormal shoes that you're
> not used to wearing, your muscles are going to get sore. Is that
> going to translate into toning your butt, hamstrings and calves?
> Nope. Your body is just going to get used to it.

*Id*.

28.     The Earth Shoes contain the same reduced heel as is present in the Skechers

Shape-Ups and MBT: Masai Barefoot Technology shoes.

29.     In addition to making false affirmative assertions, Earth fails to disclose that its

Shoes may cause injury, a concern prevalent among members of the scientific community who

have studied such shoes. For example, a USA Today article from 2010 states in part:

> A growing number of doctors are warning that toning shoes don't
> deliver on their marketing promises and could cause injuries by,
> among other things, changing a person's gait, or way of walking.
>
> Claims that toning shoes can significantly contribute to a person's
> fitness are "utter nonsense," says Barbara de Lateur, distinguished
> service professor of physical medicine and rehabilitation at Johns
> Hopkins University's School of Medicine in Baltimore
>
>                                                   * * *
>
> David Davidson, national president of the American Academy of
> Podiatric Sports Medicine, says the shoes basically make adults
> learn to walk, or run, all over again by changing their gait. That's a
> "scary" prospect for someone with a "borderline problem" they
> might not know about.

Michael McCarthy, *A Revolutionary Sneaker, or Overhyped Gimmick?,* USA Today (June 30,

2010, 4:22 PM), http://usatoday30.usatoday.com/sports/2010-06-30-toning-shoes_N.htm.

30.     The Earth Shoes cause the same sort of problems. As that story indicated "Toning

shoes try to replicate the gentle, heel-to-toe motion of walking on a soft, sandy beach. . . The

basic concept of shoes that result in the wearer's heels being lower than their toes is not new. Remember the Earth Shoe phenomenon in the 1970s?" *Id.* As such, Earth's Negative Heel design, made to mimic walking on the beach, is equally as dangerous and ineffective as the other shoes examined in the USA Today story.

31.     Thus, the Shoes have significant drawbacks which Earth has omitted from its advertising. Specifically, because the Shoes are designed to change the user's "walking motion" or "gait," they are unusable for users with preexisting problems.

32.     Anecdotal evidence also indicates that injuries can occur from the Shoes and a wearer's changed gait:

> Bryan Markinson, chief of podiatric medicine at Mount Sinai School of Medicine in New York, says some of his patients who are "not in the greatest of shape" have inflamed their Achilles tendons while wearing toning shoes. People thinking of buying them, he says, should begin an "active stretching program" or else risk injury.

*Id.*

33.     Earth has reaped millions of dollars in profits by leading consumers to believe that scientific studies prove that the Shoes facilitate improved posture, strengthened core muscles, increased caloric burn, and reduced joint stress. Consumers would not have purchased the Product had they known the truth: the Shoe offers none of the benefits described by Earth and in fact increases the likelihood that some users will suffer serious injuries, such as injuries to their Achilles tendon.

***The Impact of Defendant's Wrongful Conduct***

34.     Wearing Earth's toning Shoes provide no muscle strengthening or joint improvement and do not burn any additional calories.

35.     Despite studies showing that the Shoes are ineffective, Defendant conveyed and continues to convey that the Products provide health benefits.

36.     As the manufacturer and distributor of the Product, Defendant possesses specialized knowledge regarding the design and effects of the Product and is in a superior position to know whether the Shoe works as advertised.

37.     Specifically, Defendant knew, but failed to disclose, that the Product does not provide the health benefits represented and that well-conducted, clinical studies have found the elements of the Product's design are ineffective at providing the represented results. Plaintiff and Class members have been and will continue to be deceived or misled by Defendant's false and deceptive representations. Plaintiff purchased the Product during the Class period and in doing so, read and considered the Product's advertisements and based her decision to purchase the Product on the health benefit representations. Defendant's health benefit representations and omissions were a material factor in influencing Plaintiff's decision to purchase the Product.

38.     Plaintiff and the Class would not have purchased the Product had they known Defendant's health benefit statements were false and misleading and that studies have found the Product's design to be ineffective for the represented health benefits.

39.     As a result, Plaintiff and the Class members have been injured in fact in their purchases of the Shoe in that they were deceived into purchasing a product that does not perform as advertised.

40.     Defendant, by contrast, reaped enormous profit from its false marketing and sale of the Shoe.

## V. CLASS ALLEGATIONS

41.     Plaintiff brings Counts I – II as set forth below, on behalf of herself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant:

### National Class Action

All consumers who within the applicable statute of limitations purchased the Earth Exer-Walk product (the "National Class").

Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers and directors; those persons who purchased Earth Exer-Walk products for the purpose of resale; all persons who make a timely election to be excluded from the Class; and the judge to whom this case is assigned and any immediate family members thereof.

42.     Plaintiff brings Count III as set forth below, on behalf of herself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant for violations of Illinois state laws and similar laws in other states:

### Multi-State Class Action

All persons who, within the applicable statute of limitations under their respective state's consumer fraud act,[4] purchased the Earth Exer-Walk product (the "Multi-State Class").

---

[4] While discovery may alter the following, Plaintiff preliminarily avers that the other states with similar consumer fraud laws under the facts of this case include, but are not limited to: Arkansas (Ark. Code § 4-88-101, *et seq.*); California (Cal. Bus. & Prof. Code §17200, *et seq.* and Cal. Civil Code § 1750, *et seq.*); Colorado (Colo. Rev. Stat. § 6-1-101, *et seq.*); Connecticut (Conn. Gen. Stat. § 42-110, *et seq.*); Delaware (Del. Code tit. 6, § 2511, *et seq.*); District of Columbia (D.C. Code § 28-3901, *et seq.*); Florida (Fla. Stat. § 501.201, *et seq.*); Hawaii (Haw. Rev. Stat. § 480-1, *et seq.*); Idaho (Idaho Code § 48-601, *et seq.*); Illinois (815 ICLS § 505/1, *et seq.*); Maine (Me. Rev. Stat. tit. 5 § 205-A, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.* ); Michigan (Mich. Comp. Laws § 445.901, *et seq.*); Minnesota (Minn. Stat. § 325F.67, *et seq.*); Missouri (Mo. Rev. Stat. § 407.010, *et seq.*); Montana (Mo. Code. § 30-14-101, *et seq.*); Nebraska (Neb. Rev. Stat. § 59-1601, *et seq.*); Nevada (Nev. Rev. Stat. § 598.0915, *et seq.*); New Hampshire (N.H. Rev. Stat. § 358-A:1, *et seq.*); New Jersey (N.J. Stat. § 56:8-1, *et seq.*); New Mexico (N.M. Stat. § 57-12-1, *et seq.*); New York (N.Y. Gen. Bus. Law § 349,*et seq.*); North Dakota (N.D. Cent. Code § 51-15-01, *et seq.*); Oklahoma (Okla. Stat. tit. 15, § 751, *et seq.*); Oregon (Or. Rev. Stat. § 646.605, *et seq.*); Rhode Island (R.I. Gen. Laws § 6-13.1-1, *et seq.*); South Dakota (S.D.

Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers and directors, and those who purchased Joint Flex for the purpose of resale.

43.     In the alternative, Plaintiff brings Count III as set forth below, on behalf of herself and all other similarly situated Illinois residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

**Illinois Class Action**

All Illinois residents who, within the applicable statute of limitations, purchased the Earth Exer-Walk products (the "Illinois Class").

Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers and directors, and those who purchased the product for the purpose of resale.

44.     Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of her claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

45.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Defendant's wrongful conduct as alleged herein. The precise number of Class members and their addresses are presently unknown to Plaintiff, but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

---

Code Laws § 37-24-1, *et seq.*); Virginia (VA Code § 59.1-196, *et seq.*); Vermont (Vt. Stat. tit. 9, § 2451, *et seq.*); Washington (Wash. Rev. Code § 19.86.010, *et seq.*); West Virginia (W. Va. Code § 46A-6-101, *et seq.*); and Wisconsin (Wis. Stat. § 100.18, *et seq.*).

46. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    (a)    Whether the representations discussed herein that Defendant made about the Product were or are misleading, or likely to deceive;

    (b)    Whether Plaintiff and the Class members were deceived by Defendant's representations;

    (c)    Whether Defendant's conduct constitutes violations of the laws asserted herein;

    (d)    Whether Plaintiff and Class members have been injured and the proper measure of their losses as a result of those injuries;

    (e)    Whether Plaintiff and Class members are entitled to an award of compensatory/actual damages; and

    (f)    Whether the Plaintiff and Class members are entitled to injunctive or declaratory relief.

47. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform misconduct described above and were subject to Defendant's deceptive and misleading conduct.

48. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the other Class members she seeks to represent; she has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and her counsel.

49.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).**
Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other
Class members, thereby making appropriate final injunctive relief and declaratory relief, as
described below, with respect to Class members as a whole.

50.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is
superior to any other available means for the fair and efficient adjudication of this controversy,
and no unusual difficulties are likely to be encountered in the management of this class action.
The damages or other financial detriment suffered by Plaintiff and the other Class members are
relatively small compared to the burden and expense that would be required to individually
litigate their claims against Defendant, so it would be impracticable for Class members to
individually seek redress for Defendant's wrongful conduct. Even if Class members could afford
individual litigation, the court system could not.  Individualized litigation creates a potential for
inconsistent or contradictory judgments, and increases the delay and expense to all parties and
the court system. By contrast, the class action device presents far fewer management difficulties,
and provides the benefits of single adjudication, economy of scale, and comprehensive
supervision by a single court.

## VI.  CLAIMS ALLEGED

### COUNT I
### Breach of Express Warranty
### (on behalf of the National Class)

51.     Plaintiff re-alleges and incorporates by reference the allegations contained in
paragraphs 1 – 50 above as if fully set forth herein.

52.     Plaintiff, and each member of the Class, formed a contract with Defendant at the
time Plaintiff and the other members of the Class purchased the Product. The terms of that

contract include the promises and affirmations of fact made by Earth on the packaging and through its marketing campaign, described above. The product packaging and advertising constitute express warranties and became part of the basis of the bargain, on which Plaintiff and the members of the Class relied. These terms are part of a standardized contract between Plaintiff and the members of the Class on the one hand and Earth on the other.

53.     All conditions precedent to Earth's liability under this contract have been performed by Plaintiff and the Class.

54.     Earth expressly warranted that the Product would, among other things, facilitate improved posture, strengthened core muscles, increased caloric burn by four times, and reduced joint stress.

55.     Earth breached an express warranty by failing to provide the Product which could provide the benefits described above.

56.     As a result of Earth's breach of its express warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of the Shoe that they purchased.

## COUNT II
### Unjust Enrichment
### (on behalf of the National Class)

57.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 – 56 above as if fully set forth herein.

58.     Plaintiff sold the Shoes based on untrue and misleading advertising, including failure to disclose material facts, as stated more fully above.

59.     By selling the Shoes that did not perform as advertised, Earth received a benefit from Plaintiff and Class members to which it was not entitled.

60.     Earth knowingly appreciated and accepted this benefit, which resulted and continues to result in an inequity to Plaintiff.

61.     Earth's retention of such benefit violates the fundamental principles of justice, equity, and good conscience.

62.     As a result of Earth's unjust enrichment, Plaintiff and Class members sustained damages in an amount to be determined at trial. Plaintiff seeks full disgorgement and restitution of Earth's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT III
### Violation of the Illinois Consumer Fraud Act, 815 ILCS 502/2
### (on behalf of the Multi-State Class and the Illinois Class)

63.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 – 62 above as if fully set forth herein.

64.     In Illinois, the "Consumer Fraud and Deceptive Business Practices Act" 815 Ill. Comp. Stat. 502/2, *et seq*. ("the Act"), like the consumer fraud acts of numerous other states across the nation, prohibits deceptive acts and practices in trade or commerce, including the sale of the Shoes by Defendant.

65.     Plaintiff and the Class were injured by Defendant's deceptive misrepresentations, concealments and omissions. These misrepresentations, concealments and omissions were material, and deceived Plaintiff and the Class.

66.     Defendant does business in Illinois, sells and distributes the Shoes in Illinois, and engages in deceptive acts and practices in connection with the sale of the Shoes in Illinois and elsewhere in the United States.

67.     Defendant created and caused the health benefit claims to be published to consumers in connection with the sale of the Product.

68.     The Product that Plaintiff and the Class purchased is a "consumer item" as that term is defined under the Act.

69.     Defendant misrepresents and deceptively conceals, suppresses and/or omits material information known to Defendant as set forth above concerning the Product which has caused damage and injury to Plaintiff and the Class.

70.     Namely, Defendant fails to reveal that the Product does not work as advertised, or even that studies exist contradicting Defendant's express claims.

71.     Defendant's deceptive acts are occurring in a course of conduct involving trade and commerce in Illinois and throughout the United States.

72.     Defendant's deceptive acts proximately caused actual injury and damage to Plaintiff and the Class.

73.     Defendant intended Plaintiff and all Class members to rely on its deceptive acts.

74.     Defendant's conduct constituted a consumer fraud under the Illinois Consumer Fraud Act and similar laws in other states.

## VII.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully requests that the Court enter an Order awarding the following relief:

(a)     Certifying this action as a class action; designating Plaintiff as Representative for all classes; and appointing the undersigned as Class Counsel;

(b)     Awarding compensatory and actual damages, including restitution and disgorgement of Defendant's revenues to Plaintiff and the other Class members generated from the unlawful practices set forth herein;

(c)     Enjoining Defendant from continuing the unlawful practices set forth herein;

(d)     Awarding statutory damages to Plaintiff and the other Class members, as provided by the applicable Consumer Fraud Acts;

(e)     Awarding attorneys' fees and costs to Plaintiff and the other members of the Class; and

(f)     Such other and further relief as the Court deems just and proper.


Date: December 9, 2014                          Respectfully submitted,

                                                Leslie Hedges, individually and on behalf of all others similarly situated


                                                By:     */s/ Joseph J. Siprut*
                                                        One of the Attorneys for Plaintiff
                                                        And the Proposed Putative Class


Joseph J. Siprut
 *jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Gregory W. Jones
*gjones@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.267.1906

4846-5604-8412, v. 1