UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESLIE HEDGES, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>EARTH, INC., a Massachusetts corporation,<br><br>        Defendant. | Case No. 1:14-cv-09858 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COUNT I OF PLAINTIFF'S CLASS ACTION COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Earth, Inc. ("Earth") submits this Memorandum of Law in support of its Motion to Dismiss Count I of the Class Action Complaint filed by Plaintiff Leslie Hedges (the "Plaintiff" or "Ms. Hedges"), individually and on behalf of all others similarly situated.

**INTRODUCTION**

This is a case about buyer's remorse. In her Class Action Complaint, the Plaintiff alleges that Earth falsely advertised the potential health benefits of its Earth Exer-Walk shoe (the "Shoe" or "Product"), thereby causing her damages "in the amount of the purchase price of the Shoe that [she] purchased." *See* Complaint, ¶ 56. Pursuant to this allegation, Plaintiff brings three counts against Earth: breach of express warranty (Count I); unjust enrichment (Count II); and violation of the Illinois Consumer Fraud Act (Count III). While Earth denies all allegations of wrongdoing, this Motion seeks to dismiss Count I of the Complaint.

This Court should dismiss Count I because Plaintiff failed to give Earth any notice regarding her breach of warranty claim before filing suit, despite her clear legal obligation to do

so. Without alleging notice, or an exemption from the notice requirement, the Complaint fails to state a claim for breach of warranty. Courts in Illinois have overwhelmingly held that such failure to satisfy the notice requirement requires dismissal.

## RELEVANT FACTS

Earth is a Massachusetts shoe company that designs and sells a variety of shoes. *See* Compl. ¶ 12. Some of its lines, such as the Earth Exer-Walk, incorporate a "negative heel" feature, which positions the heel slightly lower than the toes by creating a "gentle sole incline" in the bottom of the shoe. *See id.* ¶ 18. This feature is designed to mimic walking barefoot in the sand. *See id.*

According to the Complaint, in or around March 2014, Plaintiff purchased a pair of Earth Exer-Walk shoes for approximately $39.00. *See* Compl. ¶ 10.[1] She filed the instant action a few months later, on December 9, 2014. In Count I of the Complaint, Plaintiff alleges that Earth breached an express warranty by failing to provide shoes that could provide certain health benefits claimed in its advertising and, as a result, that she suffered damages "in the amount of the purchase price of the Shoe that [she] purchased." *See* Compl. ¶¶ 55, 56. Plaintiff does not allege any personal injury in the Complaint.

Plaintiff did not, at any point prior to filing the instant action, provide notice to Earth of any alleged breach of warranty. Accordingly, the Complaint does not allege that the Plaintiff provided Earth with any such notice. Further, the Plaintiff does not allege that she is in any way exempt from the requirement to provide pre-suit notice before asserting a breach of warranty claim.

---

[1] The factual background recited herein is based on allegations made in the Complaint, which are accepted as true for purposes of deciding a motion to dismiss. *See Schmidt v. Nissan Motor Acceptance Corp.*, 104 F. Supp. 2d 955, 956 (N.D. Ill. 2000). Earth denies the veracity of many such allegations.

**ARGUMENT**

I.  **COUNT I SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF WARRANTY**

Count I should be dismissed because the Complaint fails to allege that Plaintiff notified Earth of the alleged breach of warranty before filing suit. The Complaint similarly fails to allege that Plaintiff was exempt from the requirement. The Complaint therefore fails to state a cause of action for breach of warranty and, pursuant to Fed. R. Civ. P. 12(b)(6), the claim should be dismissed.

    A.    **Count I Should Be Dismissed Because Plaintiff Fails To Allege That Pre-Suit Notice Was Given To Earth**

Under section 2-607(3)(a) of the Illinois Uniform Commercial Code (UCC), a "buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of [the] breach or be barred from any remedy…." 810 ILC 5/2-607(3)(a). "The purpose of the notice is to give the seller an opportunity to cure a defect and minimize damages, … protect his ability to investigate, gather evidence, and negotiate a possible settlement." *Schreib v. Walt Disney Co.*, 2006 WL 573008, at *5 (Ill. App. Ct. Feb. 1, 2006) (internal citations omitted); *see Perona v. Volkswagen of Am., Inc.*, 292 Ill. App. 3d 59, 63 (1997); *Whitwell v. Wal-Mart Stores, Inc.*, 2009 WL 4894575, at *4 (S.D. Ill. Dec. 11, 2009) (citing 810 ILCS 5/2-607 cmt. 4).

Because the Illinois UCC seeks to encourage parties to resolve contract disputes without engaging in unnecessary litigation, "[p]re-suit notice of [a] breach is an essential element of a plaintiff's claim…." and the absence of any such pre-suit notice is grounds for dismissal with prejudice. *Whitwell*, 2009 WL 4894575 at *4, 6 (dismissing plaintiff's complaint with prejudice because he did "not allege in his complaint that he gave pre-suit notice of the claimed breach of contract [which is treated the same as a breach of warranty under the UCC] to Wal–Mart, nor are

3

any facts alleged that suggest Wal–Mart had actual knowledge of the claimed breach of contract."); *see*, *e.g.*, *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 495 (1996) ("[F]ailure to allege sufficient notice is fatal to [a] plaintiff['s] breach of warranty claims.").

In order to satisfy the pre-suit notice requirement, a plaintiff must provide direct notice to the seller that the "*particular transaction* is troublesome and must be watched." *Connick*, 174 Ill. 2d at 493, 510 (internal quotes omitted, emphasis in original); *see Schreib*, 2006 WL 573008 at *5 ("[I]t is essential that the seller be notified that a problem exists with that particular transaction."); *Prescott v. Argen Corp.*, 2014 WL 4638607, at *3 (N.D. Ill. Sept. 17, 2014).

Here, the Complaint does not claim that Plaintiff provided any notice whatsoever to Earth regarding Earth's alleged breach of warranty before filing this action, much less the required direct, pre-suit notice that the particular transaction referenced in the Complaint was troublesome. This is because, in fact, Plaintiff failed to issue any such notice. Accordingly, Count I of the Complaint should be dismissed with prejudice. *See Whitwell*, 2009 WL 4894575 at *6; *Schreib*, 2006 WL 573008 at *5; *Perona*, 292 Ill. App. 3d at 63-64; *Connick*, 174 Ill. 2d at 495; 810 ILC 5/2-607(3)(a).

### B. The Complaint Fails To Allege That Plaintiff Was Exempt From The Requirement To Give Pre-Suit Notice To Earth

There are only two, limited exceptions to the rule that a party, like the Plaintiff here, who asserts a claim for breach of warranty is required to provide notice to the defendant in advance of filing a lawsuit. Direct notice is not required only where: "(1) the seller has *actual knowledge* of the defect of the particular product … ; or (2) the seller is deemed to have been reasonably notified by the filing of the buyer's complaint alleging breach of UCC warranty." *Connick*, 174 Ill. 2d at 492 (internal citations omitted, emphasis added); *see De Falco v. Vibram USA, Inc.*, 2013 WL 1122825, at *8 (N.D. Ill. Mar. 18, 2013). In this case, the Complaint does not contain

4

allegations to support either exception to the rule requiring pre-suit notice. Accordingly, dismissal is warranted.

> 1. *Plaintiff Does Not Satisfy First Exception To Pre-Suit Notice Rule Because She Does Not Allege That Earth Had Actual Knowledge Of Alleged Defect*

Actual knowledge exists only where "the manufacturer is somehow apprised of the trouble with the *particular product* purchased by a *particular buyer*." *Connick*, 174 Ill. 2d at 494 (emphasis added); *De Falco*, 2013 WL 1122825 at *8 (same). Generalized knowledge about concerns of third parties regarding a product line is not enough. *Connick*, 174 Ill. 2d at 493-94.

The Complaint fails to allege that Earth had *actual knowledge* regarding the alleged defect in the particular pair of Exer-Walk shoes purchased by the Plaintiff. Although the Complaint points to several publicly-available articles online that criticize "substantially similar" products (*see* Compl. ¶¶ 22, 25-30), and baldly claims that Earth "[a]s the manufacturer and distributor of the Product … possesses specialized knowledge regarding the design and effects of the Product and is in a superior position to know whether the Shoe works as advertised," (Compl. ¶ 36), it does not sufficiently allege *actual knowledge*.[2]

On this point, *Connick v. Suzuki Motor Co.* is instructive. 174 Ill. 2d at 493-95. In *Connick*, the Illinois Supreme Court held that, "[t]he notice of the breach required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of the *buyer's claim* that they constitute a breach." *Id.* at 493-94 (emphasis in original). The Court found that, although the plaintiffs' complaint alleged that the defendant received notice of the claimed defect through "newspapers, magazines, and various third parties, all of which was

---

[2] The Complaint also claims "Defendant knew, but failed to disclose, that the Product does not provide the health benefits represented and that well-conducted, clinical studies have found the elements of the Product's design are ineffective at providing the represented results." Compl. ¶ 37. For the reasons discussed, this is also insufficient to allege actual knowledge.

generalized information concerning the [defendant's] product line[,]" it did not sufficiently allege that the defendant had actual knowledge "of the alleged breach of the particular products purchased by the named plaintiffs in the lawsuit." *Id.* at 494. Because the plaintiffs failed to allege direct notice, and could not rely on the limited exceptions to the rule, they failed to satisfy the notice requirement and the Court dismissed the claim. *Id.* at 494-95.

Thus, in the instant action, even if the articles cited by the Complaint did contain generalized information concerning the Earth Exer-Walk shoe, such information does not satisfy the notice requirement because the Complaint does not allege that Earth had actual knowledge of the alleged breach of warranty for the *particular* Exer-Walk shoes purchased by the named Plaintiff in this action.[3] *See id.* at 493-95.

### 2. *Plaintiff Does Not Satisfy Second Exception To Rule Requiring Pre-Suit Notice Because She Does Not Allege Any Personal Injury*

The second exception to the pre-suit notice requirement is limited to plaintiffs who have alleged personal injuries. *See Connick*, 174 Ill. 2d at 495; *Perona*, 292 Ill. App. 3d at 64; *Anthony v. Country Life Mfg., LLC*, 70 F. App'x 379, 384 (7th Cir. 2003). For those plaintiffs – and only those plaintiffs – the filing of a complaint is deemed to satisfy the notification requirement for breach of warranty claims. The analysis of this exception is described in full here:

---

[3] Notably, the articles cited in the Complaint do not even directly address Earth's Exer-Walk shoe. Rather, they discuss products by *other* companies that incorporate a "negative heel" design. *See* Compl. ¶¶ 22, 25-30. Even the Complaint admits that the other shoes, which incorporate additional features (such as a "rounded bottom"), are only "substantially similar" to the Exer-Walk shoe. *See* Compl. ¶¶ 22, 27. In fact, the only cited article that mentions Earth is a USA Today article from 2010, which references the company rhetorically and in passing. *See* Compl. ¶¶ 29-30 ("The basic concept of shoes that result in the wearer's heels being lower than their toes is not new. Remember the Earth Shoe phenomenon in the 1970s?") (citing Michael McCarthy, *A revolutionary sneaker, or overhyped gimmick?*, USA Today (June 30, 2010, 4:22 PM), http://usatoday30.usatoday.com/sports/2010-06-30-toning-shoes_N.htm (last accessed Jan. 28, 2015)). This falls far short of alleging actual knowledge. *See*, *e.g.*, *Anthony*, 70 F. App'x at 384 (nutritional bar manufacturer did not have actual knowledge of alleged defect in its products, despite its awareness that several of the ingredients in the product were not FDA approved).

> [I]n determining whether notice of breach of warranty is adequate under the UCC, courts divide plaintiffs into three categories: (1) merchant buyers; (2) consumer buyers who did not suffer personal injuries; and (3) consumer buyers who did suffer personal injuries. Only a consumer plaintiff who suffers a personal injury may satisfy the section 2-607 notice requirement by filing a complaint stating a breach of warranty action against the seller. The reason for this distinction is that where the breach has not resulted in personal injury, the UCC indicates a preference that the breach be cured without a lawsuit.

*Connick*, 174 Ill. 2d at 494-95 (internal citations omitted).

Thus, if a plaintiff, like Ms. Hedges, does not allege that she suffered any personal injuries, then the notice requirement cannot be fulfilled by filing a breach of warranty complaint. *Id.* at 495. Here, the Complaint does not allege personal injury but, rather, "damage[s] in the amount of the purchase price of the Shoe…." (*i.e.*, economic injury). *See* Compl. ¶ 56. Accordingly, since Plaintiff is not entitled to the benefit of the second exemption to the pre-suit notice requirement for her breach of warranty claim, the filing of her Complaint does not constitute proper pre-suit notice. *See Connick*, 174 Ill. 2d at 495.

### C. Plaintiff's Failure To Give Pre-Suit Notice To Earth Or Allege An Exemption To The Rule Is Fatal To Her Breach Of Warranty Claim

Because the Plaintiff does not allege that she provided Earth with direct notice of the alleged breach, or that she is exempt from the notice requirement, Plaintiff's claim for breach of warranty lacks an essential element and should, therefore, be dismissed. *See Connick*, 174 Ill. 2d at 495; *see also Schreib*, 2006 WL 573008 at *5 (where the complaint merely alleged that the defendant "knew or should have known that [its products] were unfit for long-term use as impliedly warranted," the complaint failed to satisfy the notice requirement and complaint was properly dismissed for failure to state a claim); *Perona*, 292 Ill. App. 3d at 63-64 (affirming dismissal of breach of warranty counts where the complaint failed to allege direct notice, actual knowledge, or personal injury; allegations that defendants had actual knowledge of an alleged

7

defect, as evidenced by several recall notices and two press releases issued by the company, was insufficient to satisfy the requirement); *Anthony*, 70 F. App'x at 384 (claim of breach of implied warranty of merchantability failed because, even though nutritional bar manufacturer knew that its product contained several ingredients that were not FDA-approved, such awareness did not constitute actual knowledge of an alleged breach); *De Falco*, 2013 WL 1122825 at *8 (dismissing breach of warranty claim against shoe company where plaintiff failed to issue notice; previously filed identical lawsuits were insufficient to establish actual knowledge in the warranty context).

## **CONCLUSION**

For all of the foregoing reasons, Defendant Earth, Inc., respectfully requests that this Motion be granted and that Count I (for breach of express warranty) of Plaintiff Leslie Hedges's Class Action Complaint be dismissed with prejudice.

Dated: February 2, 2015	Respectfully submitted,

EARTH, INC.

By: /s/ Marty J. Bishop
One of the Attorneys for Defendant

Marty J. Bishop
*mbishop@foley.com*
Daniel W. Werly
*dwerly@foley.com*
Foley & Lardner LLP
321 N. Clark St.
Ste. 2800
Chicago, Illinois 60654
312.832.4500
Fax: 312.832.4700

                                          Russell Beck
                                          *rbeck@beckreed.com*
                                          Stephen Riden
                                          *sriden@beckreed.com*
                                          Beck Reed Riden LLP
                                          155 Federal Street
                                          Ste. 1302
                                          Boston, Massachusetts 02110
                                          617.500.8660
                                          Fax: 617-500-8665
                                          *Pro Hac Vice Pending*

## **CERTIFICATE OF SERVICE**

      I, Daniel W. Werly, an attorney, hereby certify that on February 2, 2015, I caused a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S CLASS ACTION COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                                                     /s/ Daniel W. Werly