```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

| | |
|---|---|
| **LESLIE HEDGES, on Behalf of Herself and Others Similarly Situated,** | |
| Plaintiff, | No Case. 14 C 9858 |
| v. | Judge Harry D. Leinenweber |
| **EARTH, INC., a Massachusetts Corporation,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Earth Inc.'s ("Earth") Motion to Dismiss Count I of Plaintiff Leslie Hedges' Class Action Complaint (hereinafter, "Hedges" or "Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 16]. For the reasons stated herein, the Motion is denied.

### I. BACKGROUND

Hedges' Complaint includes the following facts, which the Court must accept as true at the motion to dismiss stage. Earth makes a product called the "Exer-Walk" shoe. The shoe incorporates a "negative heel" design, which is meant to make the wearer feel like she is walking barefoot in the sand. According to Earth, the shoe provides numerous health benefits, such as improved posture, reduced joint stress, and strengthened

core muscles. Earth also claims that the shoe helps burn calories and more than four times the amount of fat one would burn wearing a normal shoe.

Hedges bought a pair of Exer-Walk shoes but found to her chagrin that they do not live up to the hype, scientifically speaking. Hedges claims that numerous studies and scientific research prove that shoes like the Exer-Walk provide no health benefits whatsoever. Hedges claims that Earth knew about the falsity of its claims regarding the health benefits of its shoes, yet continued to make those claims in selling its shoes. Hedges hopes to represent a class of plaintiffs who purchased Exer-Walk shoes, and her Complaint includes claims of breach of express warranty (Count I), unjust enrichment (Count II), and consumer fraud (Count III). Earth has moved to dismiss Count I, arguing that Hedges did not give Earth pre-suit notice of her claims.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion to dismiss, a court must

accept the plaintiff's allegations as true, and view them in the light most favorable to the plaintiff. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir. 1987). A court need not accept as true "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)) (internal quotations and alterations omitted).

### III. ANALYSIS

The parties agree that the Illinois Uniform Commercial Code ("UCC") governs the dispute in this Motion. Under Section 2-607 of the UCC, a buyer alleging a breach of warranty must notify the seller of the breach "within a reasonable time after he discovers" it or else he is "barred from any remedy." 810 ILCS 5/2-604(3)(a). The notice must, at a minimum, let "the seller know that the particular transaction is still troublesome and must be watched." *Connick v. Suzuki Motor Co.,* 675 N.E.2d 584, 589 (Ill. 1996) (internal quotation marks omitted). Pre-suit notice is an essential element of a breach of warranty claim, and the absence of such notice results in dismissal. *Whitwell v. Wal-Mart Stores, Inc.,* Civil No. 09-513-GPM, 2009 WL 4894575, at *4-6 (S.D. Ill. Dec. 11, 2009).

Hedges has not alleged or argued that she provided direct notice, but there are two exceptions to the pre-suit notice

requirement. "Direct notice is not required when (1) the seller has actual knowledge of the defect of the particular product; or (2) the seller is deemed to have been reasonably notified by the filing of the buyer's complaint alleging breach of UCC warranty." *Id.* (citations omitted). The second exception is inapplicable because it applies only when the buyer alleges personal injury as a result of the breach, *Connick,* 675 N.E.2d at 590, and Hedges has alleged no such injury. Thus, the sole dispute for purposes of this motion is whether the first exception applies — that is, whether Earth had actual knowledge of the defect.

Hedges' theory of actual knowledge is that Earth knew that every Exer-Walk shoe it sold suffered from the same defect, and thus Earth must have known that the actual shoe sold to Hedges had the defect. (Compl. ¶ 37, ECF No. 1). Earth argues that knowledge about news stories and studies concerning general complaints related to a product line do not provide the specific knowledge of a particular breach as required under *Connick*.

Generally, the actual knowledge exception is not satisfied just because a company is aware of third-party reports criticizing a product line. The Illinois Supreme Court in *Connick,* quoting Judge Learned Hand, put it best: "'The notice of the breach required is not of the facts, which the seller presumably knows quite as well, if not better than, the buyer,

but of *buyer's claim* that they constitute a breach." *Connick*, 675 N.E.2d at 590 (quoting *Am. Mfg. Co. v. U.S. Shipping Bd. Emergency Fleet Corp.*, 7 F.2d 565, 566 (2d. Cir. 1925)) (internal quotation marks omitted). "Thus, even if a manufacturer is aware of problems with a particular product line, the notice requirement of Section 2-607 is satisfied only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer." *Id.*

This conclusion comports with common sense; even though there are public reports about a general problem with a product line, a seller has no way of knowing whether a particular product *actually* suffers from the defect until the buyer provides notice of the alleged defect. *Connick* dealt with plaintiffs who claimed Suzuki breached its warranty when it sold vehicles that had a general risk of rolling over, but the court found that generalized knowledge of this risk did not apprise Suzuki that the particular vehicles the plaintiffs purchased suffered from the potential defect. *See, id.*

The court in *Whitwell,* upon which Earth relies heavily, followed this reasoning in finding that plaintiffs did not satisfy the actual knowledge exception. *Whitwell,* 2009 WL 4894575, at *6. In that case, the named plaintiff complained that Wal-Mart breached its contract when it failed to refund the entire amount paid for a DVD player he returned. *Id.* at *1.

- 5 -

The failure to provide a full refund was the result of different cities' sales taxes; if a customer bought a product at a Wal-Mart that was subject to higher sales tax and then returned the product to a different Wal-Mart that was subject to a lower sales tax, the latter store only refunded the amount that a customer would have paid had it bought the product from that store. *Id.* The plaintiff failed to provide pre-suit notice regarding the alleged breach, but argued that the actual knowledge exception applied because Wal-Mart had "generalized information" regarding the different sales taxes that applied to its stores. *Id.* at *6. The court rejected the plaintiff's argument because Wal-Mart's general knowledge that its stores were subject to different sales tax rates did not provide Wal-Mart with actual knowledge that it breached its contract regarding the particular DVD player the plaintiff bought and returned. *Id.*

According to Earth, the facts here are similar to *Connick* and *Whitwell* because Hedges' actual knowledge argument is based on "generalized knowledge" Earth had about the falsity of its claims. But there is a crucial difference between those cases and the facts here: Hedges has alleged a set of facts that, if true, demonstrate Earth had actual knowledge of the particular defect with the particular shoe that Hedges purchased. The "generalized knowledge" alleged in the cases Earth relies on did

- 6 -

not give the defendant any actual knowledge of the particular defects in those cases. In *Connick,* Suzuki may have had general knowledge that its vehicles were prone to rolling over, but that generalized knowledge said nothing of whether the particular vehicles the plaintiffs purchased were actually defective. Likewise, Wal-Mart's generalized knowledge about different sales taxes in *Whitwell* did not automatically result in knowledge that it breached its contract when the plaintiff returned the specific DVD player he purchased.

But here, according to the facts in the Complaint, Earth must have known that the particular pair of shoes it sold to Hedges was defective. The "defect" here is Earth's allegedly false representations regarding the Exer-Walk shoe's health benefits. If a company says a shoe will do something that it knows the shoe cannot do, then logically it must know that the particular shoe it sells to a particular person is "defective," — that is, does not in fact do what the company claims it can do. Hedges' claim is not, for example, that her shoes fell apart soon after purchase despite a warranty that they will last for a certain amount of time. In that instance, generalized reports that Earth's shoes tend to fall apart would not constitute actual knowledge, because that generalized knowledge would not inform Earth of whether Hedges' particular shoes fell apart. That knowledge could only be obtained by direct pre-suit

notice. In this case, however, the defect necessarily applies to each and every pair of Exer-Walk shoes Earth sold because, according to the Complaint, Earth knows that none of these shoes can possibly do what Earth warrants they can do.

The court in *Stella* reached a similar conclusion. In that case, the court considered a plaintiff's claim that a company breached its warranty by selling a particular type of lipstick that contained unsafe amounts of lead. *Stella v. LVHM Perfumes and Cosmetics USA, Inc.,* 564 F.Supp.2d 833, 835 (N.D. Ill. 2008). The company moved to dismiss, arguing that the plaintiff did not provide pre-suit notice. *Id.* The court found that the actual knowledge exception applied because the plaintiff alleged that the company had actual knowledge that every tube of the type of lipstick the plaintiff purchased contained unsafe amounts of lead, and thus it must have known that the lipstick it sold to the particular plaintiff suffered from that defect. *See, id.* at 837. The court noted, however, that the breach of warranty claim "only survive[d] to the extent that [the plaintiff] allege[d] actual knowledge — not negligence." *Id.*; *cf. De Falco v. Vibram USA, Inc.,* No. 12 C 7238, 2013 WL 1122825, at *8 (N.D. Ill. Mar. 18, 2013) (dismissing breach of warranty claim where the plaintiffs' actual knowledge argument was that the defendants knew of the defects through other lawsuits, rather than actual knowledge of the defect itself).

Like the allegations in *Stella,* here Hedges alleges that Earth had actual knowledge that its Exer-Walk shoes did not provide the health benefits Earth claimed they did. Thus, the Court finds that the actual knowledge exception applies. But, as in *Stella,* the Court notes that Hedges' claim only survives to the extent that she alleges actual knowledge. That is to say, if Hedges can only prove that Earth was negligent in making its representations, rather than making them with actual knowledge of their falsity, then the actual knowledge exception will not apply and the claim will be dismissed. All of this could have been avoided had Hedges provided Earth pre-suit notice, but accepting the facts alleged as true, the Court finds that the actual knowledge exception applies to excuse Hedges' failure to provide direct notice.

### IV. <u>CONCLUSION</u>

For reasons stated herein, Earth's Motion to Dismiss [ECF No. 16] is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　United States District Court

Dated: 4/21/2015